IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 4:25-cr-007 |
|  | ) |  |
| v. | ) | GOVERNMENT'S |
|  | ) | SENTENCING |
| DENIS NGUESSIN KOUAKOU, | ) | MEMORANDUM |
| also known as Dennis Nguessin Kouakou, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

Between December 2022 and July 2023, Defendant Denis Nguessin Kouakou purchased four firearms. To date, three firearms' whereabouts are unknown. The fourth firearm was recovered with a high-capacity drum magazine, also purchased by Defendant, and an automatic selector switch attached. Defendant's conduct represents a danger to the community. The Court should impose a sentence at the high-end of the guidelines of 16 months in prison.

## I.    <u>PROCEDURAL BACKGROUND</u>

Defendant pleaded guilty to two counts of False Statement During Purchase of a Firearm, in violation of Title 18, United States Code, Section 922(a)(6) and 924(a)(2). Presentence Investigation Report, ECF No. 42, ¶ 1 (hereinafter "PSR"). Pursuant to the parties' plea agreement, the government agrees to dismiss Counts 2, 4, and 5 at the time of sentencing. *Id.* ¶ 4.

The only remaining issue to the PSR is Defendant's immigration and citizenship status. Defendant asserts he is a United States citizen. The government confirmed through an officer with Immigration Customs and Enforcement that Defendant is eligible to derive citizenship from his mother. While Defendant has not

submitted his application for a certificate of naturalization, there are no known barriers to him becoming a citizen and a naturalization is a formality. The PSR accurately states Defendant's current citizenship status, which is a Lawful Permanent Resident. The government does not anticipate presenting additional evidence or witnesses at sentencing.

## II.    SENTENCING CALCULATION

### A.    Statutory Maximum and Minimum Sentence

Based on Defendant's plea of guilty to Counts 1 and 3, Defendant is subject to a maximum sentence of 10 years in prison, a fine of up to $250,000, and up to three years of supervised release. A $100 special assessment per count also applies. PSR ¶¶ 97, 101, 107, 108.

### B.    Sentencing Guidelines Calculation

The parties agree the PSR correctly calculates the advisory guidelines range in this case as follows:

| | |
|---|---|
| USSG §2K2.1(a)(7) (base) | 12 |
| USSG §2K2.1(b)(1)(A) (3 to 7 firearms) | +2 |
| USSG §3E1.1 (acceptance of responsibility) | −3 |
| Total Offense Level | 12 |
| Criminal History Category | I (0) |
| Guideline Sentencing Range | 10–16 months |

### III.    SENTENCING FACTORS & GOVERNMENT'S RECOMMENDATION

The appropriate sentence to be imposed by the Court should be "sufficient but not greater than necessary" to meet relevant sentencing objectives, which include:

1. the nature and circumstances of the offense and history and characteristics of the defendant;
2. the need for the sentence imposed –
   A. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   B. to afford adequate deterrence to criminal conduct;
   C. to protect the public from further crimes of the defendant; and
   D. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
3. the kinds of sentences available;
4. the guideline sentencing range;
5. any pertinent policy statement;
6. the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
7. the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. § 3553(a).

The government recommends a sentence at the high-end of the guidelines, followed by a three-year term of supervised release.

Over approximately seven months, Defendant purchased four firearms, including three nine-millimeter handguns. PSR ¶ 11. Just 26 days after Defendant purchased it, a firearm was recovered during a traffic stop in possession of Defendant's juvenile cousin. *Id.* ¶ 14. It had a fully loaded 15-round magazine, along with a second loaded firearm magazine. *Id.* Marijuana was also recovered from the vehicle. *Id.* During a November 2024 interview, Defendant admitted he gave this firearm to his cousin and his cousin's "buddy." *Id.* ¶ 31. The "buddy" told Defendant he could put a switch on the firearm to make it fully automatic, but Defendant claims

he advised against doing so because the firearm would be traced back to Defendant. *Id*.

Defendant bought a second nine-millimeter handgun 16 days after purchasing the first handgun. PSR ¶ 18. Just 55 days after its purchase, Defendant reported the firearm and a 17-round magazine stolen. *Id*.

In October 2024, a third nine-millimeter pistol Defendant purchased, was recovered from Kuol James Wor, 472 days from its purchase.[1] PSR ¶ 21. During the traffic stop, Wor ran from law enforcement. *Id*. ¶ 21. The firearm had a high-capacity drug magazine, and an automatic selector switch attached. *Id*. In June 2023, Defendant purchased a 50-round drug magazine. *Id*. ¶ 20.

In July 2023, Defendant purchased a rifle at a gun shop in Urbandale. In his November 2024 interview, claimed he purchased an ARP pistol from a co-worker that was in his friend's safe. *Id*. ¶ 28. He also claimed he purchased an AR pistol from JT Guns that he sold to a man named "Shane." *Id*. Defendant also maintained that he gave an AR pistol to his cousin and his cousin's friend so they could shoot it at a shooting range, but they never returned it to him. *Id*. When law enforcement spoke to Defendant's friend, the friend acknowledged holding Defendant's firearm, consistent with the firearm Defendant purchased in July 2023, in his safe, but believed Defendant won the firearm "in a raffle at work." *Id*. ¶ 32. Defendant's interview calls into question how many firearms he has purchased, and affirms that

---

[1] In May 2025, Wor was sentenced to 84 months' imprisonment for Unlawful Drug User in Possession of a Firearm and Illegal Possession of a Machinegun related to the firearm Defendant purchased. *See* PSR ¶21; 4:24-cr-150-RGE (S.D. Iowa).

Defendant does not know where the firearms he purchased are. *See id.* ¶¶ 11, 18, 24, 30.

The consistency and volume of Defendant's firearm acquisition within a relatively short period, along with his purchase of and recovery of high-capacity magazines with these firearms, is aggravating and warrants a sentence at the high-end of the guidelines despite Defendant's lack of prior criminal history. PSR ¶ 53. It was Defendant's lack of criminal history that allowed him to operate under the guise of legality. Defendant made a repetitive, calculated decision to purchase firearms.

Defendant reports a "really good" childhood and maintains close relationships with his family. PSR ¶¶ 59–70. He has no prior mental health or substance abuse history. *Id.* ¶¶ 78–82. Despite his positive upbringing and relationships, Defendant's choices to falsely purchase firearms represents a serious danger to the community and warrants a sentence at the top of the advisory guideline range.

WHEREFORE, the government requests the Court consider this sentencing memorandum in determining Defendant's final sentence.

Respectfully submitted,

David C. Waterman
United States Attorney

By:    */s/ MacKenzie Tubbs*
MacKenzie Benson Tubbs
Assistant United States Attorney
Neal Smith Federal Building
210 Walnut Street, Suite 455
Des Moines, IA 50309
Tel: (515) 473-9300
Fax: (515) 473-9292
Email: mackenzie.benson.tubbs@usdoj.gov

CERTIFICATE OF SERVICE
I hereby certify that on January 18, 2026,
I electronically filed the foregoing with the Clerk
of Court using the CM ECF system. I hereby
certify that a copy of this document was served on
the parties or attorneys of record by:
_____U.S. Mail ____ Fax ___Hand Delivery
__X__ECF/Electronic filing    ___Other means
ASSISTANT UNITED STATES ATTORNEY
By: */s/ MacKenzie Tubbs*